Filed 7/25/14

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| FLOYD LOWE,<br><br>       Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>       Respondent;<br><br>THE PEOPLE,<br><br>       Real Party in Interest. | C073942<br><br>(Super. Ct. No. SC059850A) |

ORIGINAL PROCEEDING in mandate.  Petition denied.  Michael N. Garrigan, Judge.  (Retired judge of the San Joaquin Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Donn Ginoza, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent for Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General for Real Party in Interest.

Convicted of being a felon in possession of a firearm and sentenced under the "Three Strikes" law more than 15 years ago, petitioner Floyd Lowe (defendant) recently filed a petition for resentencing under the Three Strikes Reform Act of 2012. The trial court denied the petition because defendant was armed with a firearm and intended to cause great bodily injury when he possessed the firearm.

Treating defendant's appeal from the denial of his petition for resentencing as a petition for writ of mandate, we conclude the trial court did not err.[1] We hold that: (1) prior dismissal of two counts of second degree murder and acquittal on one count of assault with a firearm did not preclude the trial court from deciding, with respect to the petition for resentencing, that defendant was armed with a firearm and intended to cause great bodily injury when he committed the felon-in-possession offense; (2) defendant's petition for resentencing did not invoke a Sixth Amendment right to jury trial on whether he was armed with a firearm or intended to cause great bodily injury; and (3) the trial

---

[1] This purports to be an appeal from the denial of the resentencing petition. However, the appealability of an order denying a defendant's petition for resentencing under the Three Strikes Reform Act is currently under review in the California Supreme Court. (See, e.g., *Teal v. Superior Court* (Second App. Dist., Div. Seven, Perluss, P. J., with Zelon and Segal, JJ., concurring), review granted July 31, 2013, S211708 [not appealable, but treated as petition for writ of mandate]; *People v. Hurtado* (Second App. Dist., Div. One, Mallano, P. J., with Rothschild and Johnson, JJ., concurring), review granted July 31, 2013, S212017 [appealable]; *People v. Leggett* (Third App. Dist., Raye, P. J., with Robie and Murray, JJ., concurring), review granted Dec. 18, 2013, S214264 [appealable under some circumstances, not appealable under others].) Since our opining either way will not resolve the appealability issue, we elect to treat the appeal as a petition for writ of mandate and reach the merits to promote judicial efficiency and expedite final resolution of defendant's petition without waiting for the Supreme Court to act. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [court has power to treat appeal as petition for writ of mandate under unusual circumstances]; *In re Martinez*, review granted May 14, 2014, S216922 [treating appeal of denial of petition for resentencing as habeas corpus petition to avoid appealability issue].)

court's factual findings in response to the petition for resentencing did not implicate double jeopardy.

We therefore deny the petition for writ of mandate.

BACKGROUND

Defendant was convicted by jury in 1998 of being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a)(1)), assault with a firearm (Pen. Code, § 245, subd. (a)(2)), and two counts of second degree murder (Pen. Code, §§ 187, 189).[2] The jury also found that he was armed with a firearm when he committed the second degree murders and the assault with a firearm. (§ 12022, subd. (a).) Because defendant had two prior serious or violent felonies, the trial court sentenced defendant under the Three Strikes law to a total state prison term of 141 years to life. (*People v. Lowe* (Oct. 4, 1999, C029375) [nonpub. opn.].)[3]

Defendant appealed the judgment, and we reversed the conviction for assault with a firearm for insufficient evidence, which barred retrial on that count. We also reversed the two second degree murder convictions based on instructional error, which did not bar retrial on those counts. Finally, we affirmed the felon-in-possession conviction and remanded. (*People v. Lowe, supra,* C029375.)

On remand, the district attorney elected not to retry the second degree murder counts, so the trial court dismissed those counts. The court sentenced defendant under the Three Strikes law to an indeterminate term of 25 years to life on the remaining charge.

In November 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012, which we refer to in this opinion as the Three Strikes Reform Act

---

[2] Hereafter, unspecified code citations are to the Penal Code.

[3] We take judicial notice, on our own motion, of our opinion filed October 4, 1999, resolving defendant's appeal (C029375).

3

or, simply, the Act. The Act amended sections 667 and 1170.12 (relating to Three Strikes sentencing) and added section 1170.126 (relating to resentencing of defendants previously sentenced under the Three Strikes law). Among other things, the Act allows a defendant serving an indeterminate life term under the Three Strikes law to file a petition for resentencing. (§ 1170.126, subd. (b).)

This case deals exclusively with the resentencing provisions of the Three Strikes Reform Act, found in section 1170.126. A defendant is not eligible for resentencing under the Act if the defendant's current conviction (here, the felon-in-possession conviction) involved any of the circumstances listed in section 667, subdivision (e)(2)(C)(i-iii) or section 1170.12, subdivision (c)(2)(C)(i-iii). (§ 1170.126, subd. (e)(2).) The circumstances in those lists that are relevant to this case are that "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)

After the effective date of the Three Strikes Reform Act, defendant filed a petition for resentencing. Judge Michael Garrigan, the same judge who presided over defendant's trial, held a hearing on defendant's petition for resentencing and denied it. Judge Garrigan determined that defendant is ineligible for resentencing because when defendant committed his crime of being a felon in possession of a firearm he was armed with a firearm and intended to cause great bodily injury. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)

The trial court based its denial of the petition for resentencing on the facts as they were developed at trial. With the evidence viewed in the light most favorable to the jury verdicts and the trial court's findings, those facts are as follows:

Defendant, with an accomplice, entered an apartment at night by kicking in the front door. A struggle ensued with the occupants of the apartment, and defendant implored his accomplice to shoot one of the occupants. During the struggle, several shots

4

were fired. Eventually, defendant took the gun and pointed it at an apartment occupant. Defendant pulled the trigger, but the gun did not fire because it was empty. An occupant of the apartment and defendant's accomplice both died of gunshot wounds. (*People v. Lowe, supra,* C029375.)

Defendant does not deny that these facts support findings that, during the commission of the felon-in-possession crime, defendant was armed with a firearm and intended to cause great bodily injury. Instead, as discussed below, defendant asserts the trial court could not rely on those facts in the hearing on the petition for resentencing.

DISCUSSION

I

*Preclusive Effect of Prior Dismissals*

Defendant contends that the trial court erred by relying on the facts from the jury trial when the court denied his petition for resentencing. He argues that, because he was acquitted of assault with a firearm and because the second degree murder counts were dismissed, "the trial court erred by relitigating issues which had been merged in his original judgment in his favor . . . ." Defendant frames this as a res judicata or collateral estoppel issue. He claims that, because his acquittal of assault with a firearm and the dismissal of the murder counts are final, all issues associated with those counts were adjudicated in his favor and cannot be relitigated. The contention is without merit because the voters intended to have the trial court make the factual inquiry made here before extending lenity to a third-striker properly sentenced under the Three Strikes law. Any other conclusion would contravene the public policy established by the voters.[4]

---

[4] In a footnote, defendant claims that the trial court also erred by relying on its own recollection of the evidence from trial. He claims that this procedure precluded meaningful appellate review. We may ignore claims raised perfunctorily in a footnote. (*People v. Carroll* (2014) 222 Cal.App.4th 1406, 1412, fn. 5.) In any event, this appears to be the procedure envisioned by the voters when they provided that a petition for

5

"In criminal cases, the doctrine of collateral estoppel is derived from the double jeopardy clause in the Fifth Amendment. [Citation.]" (*In re Cruz* (2003) 104 Cal.App.4th 1339, 1344.) Collateral estoppel is an aspect of the doctrine of res judicata and it operates in a subsequent lawsuit based on a different cause of action as a conclusive adjudication of issues that were actually litigated and determined in a prior lawsuit. (*People v. Barragan* (2004) 32 Cal.4th 236, 252 (*Barragan*).)

Defendant meticulously reviews the elements of res judicata and collateral estoppel and attempts to apply them to his petition for resentencing. The effort, however, is fruitless because the Supreme Court guidance on applying these principles prohibits any application that violates public policy. (*Barragan, supra,* 32 Cal.4th at p. 256.)

The Supreme Court explained: "Whether res judicata applies in a given context is not simply a matter of satisfying the doctrine's technical requirements. . . . ' "[T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a nineteenth century pleading book, but with realism and rationality." [Citations.] Accordingly, the public policies underlying collateral estoppel – preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation – strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy. [Citation.]' [Citation.] Thus, '[w]e have repeatedly looked to the public policies underlying the doctrine before concluding that collateral estoppel should be applied in a particular setting. [Citation.]' [Citation.] We have also recognized that public policy considerations may warrant an exception to the claim preclusion aspect of res judicata, at least where the issue is a question of law rather than of fact. [Citations.]"

resentencing is to be decided by "the trial court that entered the judgment of conviction . . . ." (§ 1170.126, subd. (b).)

(*Barragan, supra,* 32 Cal.4th at p. 256; see also *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 342-343 (*Lucido*).)

In *Lucido*, for example, the Supreme Court considered whether collateral estoppel precluded a trial on an indecent exposure charge after a probation violation hearing in which the People failed to prove a violation of probation based on the same charges. Even though the defendant met all of the threshold requirements of collateral estoppel, the *Lucido* court refused to give the prior probation hearing order preclusive effect because to do so would be inconsistent with public policy. (*Lucido, supra,* 51 Cal.3d at pp. 342-347.) The court said that "application of collateral estoppel under the circumstances presented here would ill serve the integrity of the criminal justice system as a whole, even in cases in which the first proceeding resulted in a final judgment addressing the issue sought to be barred from relitigation." (*Id*. at p. 347.)

Here, the public policy justifications for applying the claim preclusion aspect of res judicata and collateral estoppel are not present. A court's review of the facts of the case to determine whether a defendant fits within the category of defendants eligible for resentencing under the Three Strikes Reform Act does not threaten the integrity of the judicial system, inhibit judicial economy, or submit a defendant to vexatious litigation. Instead, the Act is a potential offer of lenity that requires a determination of whether the defendant is eligible. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1304 [Three Strikes Reform Act an act of lenity on part of electorate].) By filing a petition for resentencing, a defendant, in essence, is inviting the type of scrutiny the trial court applied in this case.

Applying collateral estoppel or res judicata here to prevent the trial court, in considering a defendant's petition for resentencing, from determining the facts of his crime would defeat the voters' plan – that is, to provide lenity to those third-strikers deemed safe enough to have the benefit of earlier release but to deny lenity to more dangerous third-strikers, those like defendant who were armed with a firearm or intended

to cause great bodily injury. In the absence of some constitutional impediment to the trial court fulfilling its obligation under the Three Strikes Reform Act to determine whether a defendant is eligible for resentencing, we may not impose requirements relating to res judicata or collateral estoppel that contravene the voters' intent.

Furthermore, as a practical matter, neither a jury nor a court has ever concluded that defendant was not armed with a firearm or intended to cause great bodily injury when he committed the felon-in-possession offense. The jury actually convicted defendant of assault with a firearm and two counts of second degree murder. On appeal, we reversed the assault with a firearm conviction because there was no evidence defendant encouraged or facilitated his accomplice's assault on one of the apartment's occupants who was not killed. (*People v. Lowe, supra,* C029375.) We reversed the two second degree murder counts because the instructions allowed the jury to rely on an improper theory of second degree murder. (*Ibid.*) Neither of these holdings implicated whether defendant was armed with a firearm or intended to cause great bodily injury. In other words, there is no inconsistency between past court and jury findings and the current court finding that defendant was armed with a firearm and intended to cause great bodily injury.

Defendant also argues that failing to give preclusive effect to the prior proceedings in this case violates his due process rights. He claims that "[r]es judicata is . . . a rule of universal acceptance, a rule of procedure firmly rooted in the traditions of our judicial system," which requires us to apply res judicata and collateral estoppel in this instance. (See *Rochin v. California* (1952) 342 U.S. 165, 169 [92 L.Ed. 183, 188] [due process requires application of fundamental rights].) To the contrary, application of res judicata and collateral estoppel in criminal cases has always been subject to public policy exceptions. (See *Lucido, supra,* 51 Cal.3d at pp. 342-343 [application of collateral estoppel yields to public policy].) There is no due process right to have res judicata or collateral estoppel applied in every possible case.

Finally, defendant argues that the jury's true finding of being armed with a firearm did not survive reversal of the counts (assault and murder) to which they were attached. That observation is beside the point. The trial court in considering defendant's petition for resentencing did not rely on the jury's findings; it made its own. It did not resurrect the counts and enhancement allegations on which judgment had been entered against the People; it looked to the actual evidence at trial. (See *People v. Guerrero* (1988) 44 Cal.3d 343, 354-355 [in determining *facts* underlying prior convictions, court may look to entire record of conviction].)

The prior proceedings did not preclude the trial court from finding that, in committing the felon-in-possession offense, defendant was armed with a firearm and intended to cause great bodily injury.

## II

### *Jury Trial Right*

Defendant contends that he was entitled to a jury trial on whether, during the commission of his felon-in-possession offense, he was armed with a firearm or intended to cause great bodily injury. In support, he cites primarily to *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*) and *Alleyne v. United States* (2013) __ U.S. __ [186 L.Ed.2d 314] (*Alleyne*). This contention is without merit because defendant was lawfully sentenced to a Three Strikes term. The possible reduction of the term offered by the voters in the Three Strikes Reform Act is retrospective and therefore did not invoke jury trial rights. (*Kaulick, supra,* 215 Cal.App.4th at p. 1303.)

A.    Apprendi *and Its Progeny*

A defendant's petition for resentencing does not invoke the jury trial rights discussed in *Apprendi*. The petition seeks a modification of the lawful sentence already imposed and final judgment already entered. Because *Apprendi* has never been applied to this type of retrospective analysis of a final judgment, defendant's reliance on *Apprendi* to establish a right to jury trial on whether he was armed with a firearm or

9

intended to cause great bodily injury when he committed the felon-in-possession offense is misplaced.

In *Apprendi*, the United States Supreme Court concluded that the Sixth Amendment right to jury trial includes the right to have any fact that increases the prescribed statutory *maximum* sentence presented to a jury with a beyond-a-reasonable-doubt standard of proof. (*Apprendi, supra,* 530 U.S. at p. 483, fn. 10, 484, 490.) In *Apprendi*, the defendant pleaded guilty to a crime that carried a penalty of five to ten years. (*Id*. at pp. 469-470.) At sentencing, the defendant's term was increased to 12 years when the judge, not the jury, determined that the defendant was motivated by racial bias. (*Id*. at p. 471.)

In deciding *Apprendi*, the Supreme Court said: "New Jersey threatened Apprendi with certain pains if he unlawfully possessed a weapon and with additional pains if he selected his victims with a purpose to intimidate them because of their race. As a matter of simple justice, it seems obvious that the procedural safeguards designed to protect Apprendi from unwarranted pains should apply equally to the two acts that New Jersey has singled out for punishment." (*Id*. at p. 476.) The court held that the defendant was entitled to rely on his "ability to predict with certainty the judgment from the face of the felony indictment [which] flowed from the invariable linkage of punishment with crime. [Citation.]" (*Id*. at pp. 478-479.) Thus, it is clear that the holding in *Apprendi* refers to the punishment affixed to the crime at the time the crime is committed and the defendant is tried.

The Supreme Court made clear this timing element of its Sixth Amendment jury trial jurisprudence when it said: "If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not -- at the moment the State

10

is put to proof of those circumstances -- be deprived of protections that have, until that point, unquestionably attached." (*Id*. at p. 484.)

Recently, the Supreme Court extended the holding of *Apprendi* to any fact that raises the statutory *minimum* term to be served. (*Alleyne, supra,* __ U.S. at p. __ [186 L.Ed.2d at p. 330].) In that case, the jury convicted the defendant of crimes for which the minimum term to be served was five years. However, the trial court made the additional factual finding that, during those crimes, defendant brandished a firearm, which increased the minimum term to seven years. (*Id*. at p. __ [186 L.Ed.2d at p. 322.].) The *Alleyne* court concluded: "Here, the sentencing range supported by the jury's verdict was five years' imprisonment to life. The District Court imposed the 7-year mandatory minimum sentence based on its finding by a preponderance of evidence that the firearm was 'brandished.' Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights." (*Id*. at p. __ [186 L.Ed.2d at p. 330].)

The *Alleyne* court made no change to the timing element of the Sixth Amendment right confirmed in *Apprendi*. The sentencing range for the purpose of Sixth Amendment analysis is determined *as of the time of the crime and prosecution for that crime*.

Defendant points out that the facts that prevent him from being resentenced to a lower term now would have to be pleaded and proved if he were currently on trial for being a felon in possession. In other words, the Three Strikes Reform Act applies differently prospectively and retrospectively. (See § 667, subd. (e)(2)(C) [requiring pleading and proof in current prosecutions].) He is correct, but it does not help him. The difference in approach makes sense. Under a prospective application of the Three Strikes Reform Act, a two-striker currently under prosecution for a felon-in-possession offense could not be sentenced to a Three Strikes term unless the prosecution pleaded and proved some additional element – for example, that he was armed with a firearm or intended to

11

cause great bodily injury. That is *Apprendi*. On the other hand, in a retrospective analysis, as here, the increased punishment has already been lawfully imposed.

A retrospective factual determination concerning a final judgment does not violate jury trial rights. (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1303.) In *Kaulick*, the trial court denied the defendant's petition for resentencing under the Three Strikes Reform Act, even though the defendant's current convictions were not for serious or violent felonies and the defendant was otherwise eligible for second-strike sentencing, because the defendant posed an unreasonable risk of danger to public safety. (*Id*. at p. 1286.) The reviewing court rejected the defendant's *Apprendi* argument that he was entitled to a jury trial on dangerousness. The court reasoned: "The maximum sentence to which Kaulick . . . is subject was, and shall always be, the indeterminate life term to which he was originally sentenced. While [the Three Strikes Reform Act] presents him with an opportunity to be resentenced to a lesser term, unless certain facts are established, he is nonetheless still subject to the third strike sentence based on the facts established at the time he was originally sentenced. As such, a court's discretionary decision to decline to modify the sentence in his favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*Id.* at p. 1303.)

The same is true here. When defendant was originally sentenced, the 25-years-to-life term was the proper and lawful term. It remains so, even if the Three Strikes Reform Act may offer a possibility of reducing it. Nothing in *Apprendi* and later cases gives defendant a right to trial by jury on the factors that must be considered in determining whether he is eligible for resentencing.

There is no dispute concerning the sentencing range at the time of defendant's crime. There is also no dispute that he was properly sentenced to a term within that range. Instead, the dispute now is whether defendant should have the benefit of a subsequent change in the law, a subsequent grant of lenity on the part of the voters to

modify a third-striker's sentence under specified circumstances. The question is whether, at this late date, defendant has a jury-trial right with respect to those conditions of lenity. He does not.

      B.      *Current Conviction under Three Strikes Reform Act Analogous to Prior Conviction for* Apprendi *Purposes*

      The factual determination of whether the felon-in-possession offense was committed under circumstances that disqualify defendant from resentencing under the Three Strikes Reform Act is analogous to the factual determination of whether a prior conviction was for a serious or violent felony under the Three Strikes law. Such factual determinations about prior convictions do not invoke jury trial rights.

      While we speak of the relevant conviction in this case (the felon-in-possession conviction) as the "current conviction" because defendant is still serving the indeterminate state prison term for that conviction, it is a prior conviction in the sense that the judgment is final and this is a postconviction proceeding. The Three Strikes Reform Act, itself, states that the trial court's consideration of a petition for resentencing constitutes a " 'post-conviction release proceeding.' " (§ 1170.126, subd. (m).)

      A defendant is not entitled to a jury trial on whether a prior conviction was for a serious or violent felony under the Three Strikes law. (*People v. McGee* (2006) 38 Cal.4th 682, 695-709 (*McGee*).) In *McGee*, the defendant had a prior conviction in Nevada, but it was not clear on its face whether that conviction was for a serious felony under California law, a prerequisite for sentencing under the Three Strikes law. The trial court therefore considered the record of the Nevada conviction and concluded, based on the facts in the record, that the Nevada conviction was for a serious felony under California law. (*Id*. at pp. 687-690.) On review, the California Supreme Court held that the defendant was not entitled, under *Apprendi*, to have a jury consider the facts of the Nevada conviction and determine whether that conviction was for a serious felony under California law. (*Id*. at p. 709.)

13

Because factual determinations concerning a current conviction under the Three Strikes Reform Act and factual determinations concerning a prior conviction for purposes of applying the Three Strikes law are essentially the same, the Sixth Amendment applies to both circumstances in the same manner. It does not provide a jury trial right.

C.      *Conclusion*

Defendant received a fair trial and was sentenced lawfully more than 15 years ago. The question now is simply whether defendant qualifies for modification of that sentence under the terms set by the voters in 2012, a question to which *Apprendi* does not apply. Therefore, defendant was not entitled to a jury trial on the issue of whether, during the commission of his felon-in-possession offense, he was armed with a firearm or intended to cause great bodily injury.

## III

### *Double Jeopardy*

Defendant contends that the trial court's reliance on his arming with a firearm and intent to cause great bodily injury constituted double jeopardy because the murder counts were ultimately dismissed. The contention is without merit.

"The double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 15, of the California Constitution provide that a person may not be twice placed 'in jeopardy' for the 'same offense.' 'The double jeopardy bar protects against a second prosecution for the same offense following an acquittal or conviction, and also protects against multiple punishment for the same offense. [Citations.]' [Citation.]" (*People v. Anderson* (2009) 47 Cal.4th 92, 103-104.)

Defendant argues: "[T]he trial court's determination of whether [defendant's] conduct satisfied one of the weapon enhancements or the unalleged theory of acting with intent to [cause] great bodily injury qualifies as an attempt to retry the current offenses [referring to the murder counts with the accompanying arming enhancements]." This argument is without merit because neither the jury nor the trial court ever made a factual

14

finding, either implicit or explicit, concerning whether defendant was armed with a firearm or intended to cause great bodily injury when he committed the felon-in-possession crime. But, more importantly, what the trial court did here with respect to defendant's petition for resentencing did not implicate double jeopardy, in any event.

Looking to the record to determine whether a defendant's petition for resentencing under the Three Strikes Reform Act has merit does not put the defendant on retrial for any crime, let alone a crime for which he was acquitted. This procedure does not put the defendant in jeopardy. (See *McGee, supra,* 38 Cal.4th at pp. 691-692.) To the contrary, defendant has already been in jeopardy, has been convicted, and has been lawfully sentenced.

The trial court's review of defendant's eligibility for resentencing under the Three Strikes Reform Act did not put him on trial for any new offense. Instead, the court's function was to determine whether defendant, though lawfully sentenced under the Three Strikes law, is nonetheless eligible for resentencing as a second-striker and whether he is disqualified based on prior *conduct*.

In the analogous exercise of considering the record of a prior conviction to determine whether a defendant committed certain conduct, even though it was not an element of the crime, the court's review of the record of conviction does not violate double jeopardy. "To allow the trier to look to the record of the conviction -- but no further -- is . . . fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*People v. Guerrero, supra,* 44 Cal.3d at p. 355, italics omitted.)

The trial court's determination that defendant is not eligible for resentencing under the Three Strikes Reform Act did not put him on trial and did not implicate double jeopardy.

## IV

### *Harmless Error*

The Attorney General argues that, even if we conclude that the trial court erred by finding defendant ineligible for resentencing, we must still deny relief because the trial court would have found that defendant still poses "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) We need not consider this argument because we conclude that the trial court did not err.

### DISPOSITION

The petition for writ of mandate is denied.

        NICHOLSON       , Acting P.J.

We concur:

      HULL          , J.

      HOCH          , J.